IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES ex rel. GREG JONES, | ) ) ) | |
|---|---|---|
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 04 C 4262<br>Paul E. Plunkett, Senior Judge |
| CHARLES HINSLEY,[1] | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Greg Jones has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal conviction. For the reasons set forth below, the petition is denied and this case is dismissed with prejudice.

### Procedural Background

In 1999, Jones was convicted of two counts of first-degree murder in connection with the deaths of Genova Taylor and Larry Lowe and was sentenced to a prison term for the remainder of his natural life. *(See* Gov't Ex. A, *People v. Gregory D. Jones*, No. 1-99-3207, Dec. 19, 2000). He appealed both his conviction and sentence to the Appellate Court of Illinois, First District, raising the two issues: (1) there was improper admission of hearsay evidence; and (2) his counsel was

---

[1]Since the filing the petition, Charles Hinsley replaced Eugene McAdory as Warden of Menard Correctional Center. Pursuant to Fed. R. Civ. P. 25(d) and Rule 2(a) of the Rules Governing Section 2254 Cases, Warden Hinsley is substituted as the proper party-respondent.

ineffective because he failed to request a fitness hearing. On December 19, 2000, the Illinois Appellate Court affirmed the trial court's rulings of his convictions and sentence. (*Id.* at 219.)

On January 29, 2001, Jones filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court. (*See* Gov't Ex. B, 1/29/01 Pet. Leave Appeal.) In the PLA, Jones claims that there was insufficient evidence to support his conviction; namely, there was insufficient evidence to prove both that Jones did not act in self-defense and that Jones caused Lowe's death. *Id.* He also claimed that he was not afforded a fair trial because hearsay evidence was improperly admitted. *Id.* On April 4, 2001, the petition was denied. (*See* Gov't Ex. C, *People v. Gregory D. Jones*, No. 90839 (Ill. Sup. Ct. Pr. 4, 2001).) Jones did not seek leave to appeal to the United States Supreme Court.

In June 2001, Jones filed a petition for post-conviction relief, claiming his sentence violated the United States Supreme Court holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (*See* Gov't Ex. D., 6/14/01 Pet. Post-Conviction Relief.) On June 29, 2001, the petition was denied. (*See* Gov't Ex. E, *People v. Gregory D. Jones*, No. 97 CR 12872-01 Circuit Ct. Cook County July 2, 2001.)) Jones then appealed the denial of his petition for post-conviction relief, and on September 30, 2002, the appellate court affirmed the circuit court's dismissal. (*See* Gov't Ex. F, Order of the Illinois Appellate Court, No. 1-01-3185). Jones sought leave to appeal the adverse decision on his post-conviction petition to the Illinois Supreme Court. (*See* Gov't Ex. G, 12/15/00 Pet. Leave Appeal.) On June 4, 2003, his petition was denied. (*See* Gov't Ex. H, *People v. Gregory D. Jones*, No. 95917 (Ill. Sup. Ct. June 4, 2003).)

## Discussion

In this section 2254 petition, Jones raises four claims: (1) that at the bench trial, the court abused its authority by considering the circumstances of Taylor's death as a basis to determine that Jones should be convicted of first degree murder of Lowe; (2) that trial counsel was ineffective because he did not move to sever the two murder charges; (3) that his Fourth Amendment due process rights were violated because the cause of Lowe's death was not proven beyond a reasonable doubt; and (4) that the state was improperly allowed to present Lowe's hearsay declaration into evidence.

## Claim Two and Claim Four

We can reach the merits of these claims only if Jones "raised all of [them] during the course of the state proceedings, presenting each claim fully and fairly to the state courts." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). "A petitioner presents his claims fully by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Id.* (internal quotation marks and citation omitted). A petitioner presents his claims fairly if he gives the state courts "a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* at 916. Both the operative facts and the "controlling legal principles" must be submitted to the state court. *Id.* at 917 (internal quotation marks and citation omitted). Jones will have properly presented his claims if he: (1) relied on federal cases employing a constitutional analysis or state cases applying a constitutional analysis to a similar factual situation; (2) asserted the claim in terms that evoke a specific constitutional right; or (3) alleged a fact pattern that is "well within the mainstream of constitutional litigation." *Verdin v. O'Leary*, 972 F.2d 1467, 1473 (7th Cir. 1992)

at 1473-74 (internal quotation marks and citation omitted). However, satisfying any of these elements does not automatically mean that the claims have been adequately presented to the state court. *Id.* For example, if a petitioner does not raise his claims in a petition for a discretionary appeal to the state supreme court, he has not fully presented his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Furthermore, for state remedies to have been exhausted, the claim raised in the habeas petition should be phrased as it was during the state appellate process. *Chamber v. McCaughtry*, 264 F. 3d 732, 738 (7th Cir. 2001).

Also, "... a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2254. If the claim is not affirmatively based on such constitutional grounds it will be considered to be non-cognizable in federal court. Merely referencing a constitutional issue in passing will not deem an issue as having been fairly presented. *Fortini v. Murphy*, 257 F.3d 39, 44 (1st Cir. 2001). If the presentation requirement is not fulfilled, the claims are considered to be procedurally defaulted and if they are grounded solely on state law, they are considered non-cognizable. *See Verdin v. O'Leary*, 972 F.2d 1467, 1472-73, 1476 (7th Cir. 1992). Furthermore, procedurally defaulted and non-cognizable claims are precluded from federal review. *Id.*

Respondent asserts that several claims have been procedurally defaulted. In claim two, Petitioner states that he received ineffective assistance of counsel when counsel failed to file a pre-trial motion to have the two murder charges tried separately. Respondent argues that this claim was

not presented in the appellate and post-conviction proceedings. Respondent further contends that one ground in claim four fails for the same reason. In addition, Respondent notes that part of claim four was raised for the first time in the instant habeas corpus petition and thus it was not "fairly presented" to the state courts. *See Verdin*, 972 F.2d at 1479 n.13.

Petitioner responds that he asked his counsel to seek separate trials but his counsel never moved to sever. But as his appellate briefs demonstrate, Jones never included the separation trial issue in his appeals, post-conviction petitions or PLA. The only argument that remotely resembles such a claim can be found in his PLA, where he argued that counsel should have asked for a "fitness hearing." A fitness hearing seeks to resolve a genuine doubt of the competency and ability of a defendant to stand trial. 725 ILCS 5/104-11(a). It has nothing to do with counsel's failure to ask for severance of the two murder trials. Claim two is procedurally defaulted and is not entitled to habeas relief.

Claim four suffers the same fate. Petitioner raises for the first time that he was deprived of his rights under the Sixth Amendment because the trial court admitted a hearsay statement of Lowe's that he was a victim. The trial court admitted Lowe's out-of-court statement before his death as an excited utterance, and Jones claims that his Sixth Amendment rights were violated because he was never able to confront Lowe about the statement. Jones did not raise these Confrontation Clause claims in his direct appeal, nor did he raise them in his post-conviction petition or post-conviction appeal. In the appeal process, Jones did dispute whether the hearsay statement was properly admitted. However, in his argument there, he contends that the statement the trial court labeled as an excited utterance was a actually a dying declaration, but it did not satisfy the elements to be termed a dying declaration. Jones also argued that the statement was not reliable and that the

improper admission prevented him from receiving a fair trial. However, Jones's argument was based solely on the admissibility of the evidence. Jones never before contended that he was denied his right to confront his accuser. Therefore, because this ground in claim four was not fairly presented to the state as a Confrontation Clause question, it too is procedurally defaulted.

Jones' remaining assertion claim four is also precluded from federal review. Jones argues that Lowe's hearsay statement was improperly labeled as an excited utterance by the trial court. However, federal courts will not disturb the findings of state courts unless there is a convincing basis presented to supercede those findings. *Smith v. Phillips*, 455 U.S. 209 (1982) (referring to *Sumner v. Mata*, 449 U.S. 539, 551 (1981)). Without showing that the admission of evidence violated a specific constitutional provision, for example, a federal review of a writ of habeas corpus is not proper. *Milone v. Camp*, 22 F.3d 693, 702 (7th Cir. 1994), *cert. denied*, 513 U.S. 1076 (1995). Furthermore, the ruling of the admissibility of evidence is "generally a matter of state law." *Id.* Thus these allegations of erroneous evidentiary ruling while presented in state court are not cognizable in a habeas claim in federal court. The appellate court found that trial court was within their discretion to find that the statement met the criteria for an excited utterance. Moreover, the appellate court found that the admission of the hearsay statement did not deny Jones a fair trial. We do not review or reverse evidentiary rulings by a state trial court unless they implicate a constitutional right. The state court determines that Jones received a fair trial and nothing in the evidentiary rulings raised by Jones even suggests otherwise.

However, despite these problems, we can still reach the merits of the claims if Petitioner can show: (1) cause for and actual prejudice arising from failing to raise the claim as required; or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Wainwright v. Sykes*, 433

U.S. 72, 87 (1977). "Cause" is "'some objective factor external to the defense' which precludes petitioner's ability to pursue his claim in state court." *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002) (citing *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). Absent such a showing, a defaulted claim is then reviewable only if the violation would result in a "fundamental miscarriage of justice." *Rodriquez*, 193 F.3d at 917. A fundamental miscarriage of justice is found only in the rarest of cases in which the petitioner is imprisoned for a crime of which he is actually innocent. *Gomez v. Jaimet*, 350 F.3d 673, 680 (7th Cir. 2003) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). To establish such innocence, the petitioner must present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.*

In claim two, Jones contends that there was cause for his failure to present his claims earlier and that not separating the trials constitutes a fundamental miscarriage of justice. Jones claims that his counsel's failure to address his question about a separate trial is cause. He claims that because his attorney did not answer that question for him, he did not include the claim in his appeals. This, Jones asserts, resulted in prejudice because the trial judge, having heard the facts surrounding his murder of Taylor, was unduly influenced in his decision regarding the Lowe murder. We disagree. In his *pro se* motions for post-conviction relief and appeals, Jones had the opportunity to raise these issues on his own and failed to do so. Jones has not presented an objective factor that proves he was unable to present his issues in state court. Therefore, he has not established cause to allow us to reach the merits.

Jones's assertion that there was a miscarriage of justice is also not persuasive. Petitioner states that there was a fundamental miscarriage of justice because the victim's violent behavior was

never shown, the trials were not separated, and the trial court judge considered the totality of the circumstances to influence his finding that Jones murdered both Taylor and Lowe. As discussed, a fundamental miscarriage of justice applies only in "extraordinary cases, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Jones does not now present new evidence to establish his innocence. Even though Jones maintains he should not have been convicted of two counts of first degree murder, his case does not fall within the narrow exception articulated in *Murray*. There is no showing that despite the default, Petitioner's claim should be reviewed due to prejudice or a miscarriage of justice. Therefore, as an initial matter, grounds two and four are procedurally defaulted and will not be considered.

### Claim One and Claim Three

In claims one and three, the government concedes that Petitioner has fully presented and exhausted his state remedies as required by 28 U.S.C. Section 2254(b). In both of these claims, Jones states that there was insufficient evidence for the trial court to reach its conclusions. Because these claims have been fairly represented, we must review the merits to determine their viability. That review is controlled by section 2254, which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

> (e)(1) In a proceeding instituted by . . . a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by the State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Section 2254(d)(1) applies only to questions of law and requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' that prevails." *Lindh v. Murphy*, 96 F.3d 856, 868-69 (7th Cir. 1996) (quoting section 2254(d)(1)), *rev'd on other grounds*, 521 U.S. 320 (1997). At the same time, section 2254(d)(1) applies to mixed questions of law and fact. *Id.* at 870. That section "restricts the grant of collateral relief to cases in which the state's decision reflects 'an unreasonable application of' the law" to the facts. *Id.* (quoting section 2254(d)(1)). Moreover, section 2254(e)(1) applies only to factual determinations, which are presumed correct unless rebutted by the petitioner with clear and convincing evidence. In a federal habeas petition, the appropriate question for a court reviewing a sufficiency of the evidence claim is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Lemons v. O'Sullivan*, 54 F.3d 357, 364 (7th Cir. 1995) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Furthermore, convictions are reversed only when the record provides absolutely no evidence upon which a "jury could find guilt beyond a reasonable doubt." *U.S. v. Copus*, 93 F.3d 269, 271 (7th Cir. 1996) (quoting *U.S. v. Johnson*, 26 F.3d 669, 684 (7th Cir. 1994).

In claim one, Jones claims that there was not adequate evidence from which the trial of Jones could find that Jones murdered Lowe. Jones contends thus that the trial record supports his claim

that he acted in self-defense. This is a mixed question of law and fact. *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir.1997), *vacated on other grounds*, 522 U.S. 801 (1997). We must determine whether the court correctly assessed the facts and applied the law in light of the standard set forth in *Jackson v. Virginia*: whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Then we must look to "whether the state court provided fair process and engaged in reasoned, good-faith decision making when applying *Jackson's* 'no rational trier of fact' test." *Gomez*, 106 F.3d 192 at 198. Thus, Jones is entitled to habeas relief only if the state court's determination that there was enough evidence to convict him of first degree murder was an unreasonable application of federal law to the presumptively correct facts found by the court.

Jones contends that at the trial and because Jones felt threatened in part due to Lowe's large physique, Jones stabbed Lowe in self-defense. However, the evidence also showed that: (a) Jones admitted stabbing Lowe; (b) it did not appear the Lowe had a weapon; and (c) while still alive, Lowe tried to retreat but he was prevented and killed by Jones. The trier of fact is to "fairly . . . resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. The weight of the testimony and credibility of witnesses are determinations to be made by the trier of fact, the appellate courts fully answered these determinations and affirmed the trial court's rejection of the self-defense theory. (*See* Gov't Ex. A. at 8.) We agree.

The appellate court also rejected the claim that Jones's first degree murder sentence should be reduced to second degree murder because of Lowe's provocation. Utilizing the test articulated

in *Jackson*, we conclude that it was not unreasonable to conclude from the evidence that Jones did not act in self defense, but rather intended to kill or inflict great bodily harm upon Lowe. 720 ILCS 5/9-1(a) (defining first degree murder in Illinois as "killing an individual without lawful justification" and in doing so "(1)either intend[ing] to kill or do great bodily harm . . . , know[ing] that such acts will cause death . . . ; (2) know[ing] such acts create a strong probability of death or great bodily harm . . . ; or (3) attempt[ing] or committ[ing] a forcible felony other than second degree murder.) Moreover, it was not unreasonable that a rational trier of fact to conclude that Lowe's stab wounds and hasty retreat indicate that he was not an aggressor, but a victim of a murder. The appellate court also properly gave deference to the trial court's conclusion that there were no mitigating factors which entitled Jones to a reduction in sentence and that a rational trier of fact could have reached the same conclusion. (*Id.* at 9-10.) Therefore, viewing the presumptively accurate evidence in the light most favorable to the prosecution, the trial court did not err in convicting Jones of first degree murder. Because the state court reasonably applied the proper legal standard to the facts of this case, Jones's conviction is supported by legally sufficient evidence and thus provides no basis for habeas relief.

In claim three, Petitioner claims that the state court failed to prove beyond a reasonable doubt that the cause of Lowe's death was homicide. This claim presents mixed questions of law and fact, and again, we must examine it under the standard set forth in *Jackson v. Virginia*.

Jones contends that Lowe did not die as a result of stab wounds, but rather died of heart disease and that in any event the coroner's finding that Lowe was a victim of homicide was not proven beyond a reasonable doubt. However, in the trial court proceedings, Jones stipulated to the findings of the pathologist that indicated multiple stab wounds were a cause of Lowe's cardiac

-11-

arrhythmia which caused his death and that the manner of death was homicide. (Gov't Ex. A at 5, 9.) As the appellate court notes, these stipulated findings may not be challenged in subsequent court proceedings. *People v. Gibson*, 287 Ill. App. 3d 878, 880 (1997). Further, other evidence documented that Jones admitted to stabbing Lowe, Lowe appeared to have no weapon, he escaped from Jones's apartment by jumping out of a window and he later exclaimed to his girlfriend that Jones had caught him off guard. It was also proven that Jones was in the midst of a four-day crack cocaine binge. Viewed favorably to the prosecution, the evidence clearly shows that Jones's stabbing of Lowe caused Lowe's death. Factual issues determined by a state court are presumed to be correct unless Jones rebuts the presumption by clear and convincing evidence. Jones has not done so or do we believe could he.

Jones has failed to show that a rational trier of fact erred in finding beyond a reasonable doubt that Jones intended to kill or do great bodily harm to Lowe, that the stab wounds caused Lowe's death, and that Jones was guilty of the crime charged. Jones' claims must fail and they are denied.

## Conclusion

For the reasons set forth above, Jones's petition for a writ of habeas corpus is denied and this case is dismissed with prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** JUN 3 2005