IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. GREG JONES, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 04 C 4262 |
| | ) | Paul E. Plunkett, Senior Judge |
| CHARLES HINSLEY, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

On June 3, 2005, the Court denied Jones's petition for writ of habeas corpus in part because his claims were procedurally defaulted and in part because his claims lacked merit. (See 6/3/05 Mem. Op. and Order.) Jones now moves for reconsideration and, pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b), seeks a certificate of appealability ("COA") on the procedurally defaulted claims. For the reasons stated below, Jones's motion for reconsideration is denied and Jones's motion for COA is also denied.

## Discussion

Jones requests reconsideration and a COA, stating this Court should have dismissed claims two and four of his habeas petition ("claims two and four") *without* prejudice, instead of *with* prejudice, so that Jones could file a petition for discretionary review in state court. We begin with Jones's motion for reconsideration. Rule 60(b) allows a court to reconsider a final judgment on the grounds of mistake, inadvertence, surprise or excusable neglect; newly discovered evidence, fraud, a void judgment, a judgment satisfied, or "any other reason justifying relief." Fed. R. Civ. P. 60(b).

Under rule 60(b), relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). The Seventh Circuit has found that where a claimant has not yet exhausted all available avenues in state court, his claim is unexhausted and a district court can properly dismiss the claim without prejudice. *Dixon v. Page*, 291 F.3d 485, 487 (7th Cir. 2002) (affirming that district court properly dismissed an unexhausted claim without prejudice); 28 U.S.C.S. § 2254(c). To have fully presented a claim, or to have exhausted a claim and be eligible for federal review, an individual must have cycled through "one complete round of the State's established appellate review process, meaning he must have "present[ed] his claims to a state supreme court [via] a petition for discretionary review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 845 (1999). While exhaustion pertains to issues that may still be raised in state court but have not yet been presented there, procedural default refers to issues that could have been presented, but were not, and therefore may no longer be raised. *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). Further, if a petitioner is not granted relief from the Illinois Supreme Court, the "federal court will consider the petitioner's claims to be technically exhausted." *Resnover v. Person*, 965 F.2d 1453, 1458 (7th Cir. 1992). Unless the petitioner can, with a showing of good cause, establish why he did not present an issue when the opportunity was available, federal review will not be possible. *Norris v. U.S.*, 687 F.2d 899, 901 (7th Cir. 1982).

Here, the Court determined that Jones's second and fourth claims of his habeas petition were procedurally defaulted. Although those claims could have been raised in Jones's appellate and post-conviction proceedings, he failed to do so and was consequently precluded from having those claims considered in federal review. Jones has exhausted all of his opportunities with the Illinois state courts. He appealed the circuit court decision and contrary to his contentions, Jones did file a

petition for leave to appeal on April 4, 2001, and was denied on December 19, 2001. In March 20, 2003, he filed leave to file instanter with the Illinois Supreme Court. He was granted leave to file and his motion was subsequently denied on June 4, 2003. There has been no mistake, neglect or newly surfaced evidence that will enable us to reconsider the decision. Jones has not presented any exceptional circumstances to prove that he has unexhausted avenues to pursue in state court, nor has he shown good cause as to why he did not include his contested issues in the state appellate proceedings. Therefore, because claims two and four are considered exhausted, their dismissal with prejudice was proper.

We next address Jones's motion for COA. Jones rehashes his reconsideration arguments to support his request for COA. He also contends that this Court incorrectly determined that, despite their procedural deficiencies, the merits of claims two and four may not be addressed. He states that the Court should have been able to reach the merits of the claims because he has shown cause and a fundamental miscarriage of justice. To obtain a COA, Jones must prove that there was a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

First, Jones has not offered any support to demonstrate that his own failure to raise issues in his leave to appeal to the Illinois Supreme Court was based on a denial of his constitutional rights or that this Court denied him any constitutional rights in its decision that the claims were procedurally defaulted. In the same vein, Jones did not articulate any barriers or obstacles that may have infringed upon his constitutional rights and precluded him from filing. In short, Jones has not made a substantial showing that the Court denied him of any right in its prior determination. Therefore as to his first issue, Jones motion for COA is denied.

Second, in our previous order, this Court determined that Jones had not presented an objective factor that proved he was unable to present his issues in state court and concluded that he did not establish cause to allow us to reach the merits of his procedurally defaulted claims. Furthermore, quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986), the Court also concluded that a fundamental miscarriage of justice applies only in "extraordinary cases, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . ." and that Jones did not present new evidence to establish his innocence. We found that Jones's case does not fall within the narrow exception articulated in *Murray*, and there is no showing that despite the default, Petitioner's claim should be reviewed due to prejudice or a miscarriage of justice. Jones simply reargues issues previously raised and decided in his habeas petition. Jones has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore his motion for COA on the second issue is also denied.

## Conclusion

For the reasons set forth above, Jones's motion for reconsideration is denied. Jones's motion for COA is also denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** AUG 23 2005